IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv163

| | | |
|---|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| KENNAMETAL INC., | ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#15), to which plaintiff filed both a Response (#19) and a First Amended Complaint on July 16, 2009 (#20). Plaintiff's filing of its Amended Complaint after the filing of a motion to dismiss was appropriate inasmuch as defendant had not filed its Answer. Fed.R.Civ.P. 15. By plaintiff properly amending its Complaint, the Motion to Dismiss is moot as a matter of law and will be summarily denied as moot. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd.

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#15) is **DENIED** without prejudice as **MOOT**.

Signed: July 17, 2009

Dennis L. Howell
United States Magistrate Judge